**UNITED STATES DISTRCIT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CITY OF CREVE COUER, MISSOURI, on behalf of itself and all others similarly situated | ) ) ) |
| Plaintiff, | ) ) |
| | ) Case No. 4-21-cv-0122-AGF |
| v. | ) ) |
| DIRECTV, LLC, DISH NETWORK CORP., and DISH NETWORK, L.L.C., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand this case to state court for the second time.  ECF No. 15.  For the reasons set forth below, the motion will be granted.

## BACKGROUND

This action arises from a dispute between Plaintiff City of Creve Coeur and Defendants DirecTV, LLC, Dish Network Corp, and Dish Network, L.L.C. over whether Defendants are required to pay fees to Creve Coeur and other municipalities under Missouri's Video Services Providers (VSP) Act, Mo. Rev. Stat. § 67.2675.  Creve Coeur first brought this putative class action in state court in 2018.  Defendants removed the case for the first time in August 2019 based on diversity jurisdiction under 28 U.S.C. § 1332(a) and original jurisdiction under the Class Action Fairness Act (CAFA), § 1332(d).  Creve Coeur sought remand, invoking the Tax Injunction Act, 28 U.S.C. § 1341) (TIA) (deferring to state courts on matters of state taxation), and broader

principles of comity.  The Court granted the motion because the "state court is more familiar with Missouri's tax laws and the intent of the Missouri legislature" and the TIA reflects a "strong preference for the litigation of state tax issues in state courts." *City of Creve Coeur, Missouri v. DIRECTV, LLC*, 2019 WL 3604631, at *5 (E.D. Mo. Aug. 6, 2019), *leave to appeal denied*, 2019 WL 7945996 (8th Cir. Sept. 12, 2019) (citing *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 431 (2010), and *City of Maryland Heights v. TracFone Wireless, Inc.*, 2013 WL 791866, at *2-3 (E.D. Mo. Mar. 4, 2013)).

On remand, Defendants moved to dismiss the state court case on the theory that the VSP fees in question constituted a tax enacted without voter approval in violation of the Hancock Amendment to the Missouri Constitution.  Mo. Const. Art. X. § 22; ECF No. 1-1, pp. 366.  In December 2020, the state court denied the motion to dismiss, reasoning that the fees did not appear to be subject to the Hancock Amendment.  ECF No. 16-4; *City of Creve Coeur v. DirecTV LLC et al.*, Case No. 18SL-CC02821-01 (21st Circuit of Missouri, Dec. 30, 2020) (applying a five-factor test under *Keller v. Marion Cty. Ambulance Dist.*, 820 S.W.2d 301 (Mo. 1991)).  Defendants then removed the case for the second time, asserting that, if the VSP fee is not a tax, then federal abstention is no longer imperative under the TIA, and the state court's ruling served as an "other paper" signaling federal jurisdiction.  28 U.S.C. § 1446(b)(3).

Creve Coeur now moves to remand again, arguing that Defendants' second removal was untimely because federal jurisdiction existed from the outset notwithstanding the propriety of abstention and, even if the VSP fee is not a tax, interests of comity still warrant deference to the state court.  Concurrent with their response,

Defendants moved to stay a ruling pending the outcome of an appeal before the Seventh Circuit in a case involving the same issues and parties, where the district court ordered remand relying in part on this Court's first order of remand.  *City of Fishers, Indiana v. DIRECTV*, 20-3478, 2021 WL 3073368 (7th Cir. July 21, 2021).  The Seventh Circuit affirmed, and the parties here stand on their original briefs, summarized below.[1]

## DISCUSSION

### Parties' Arguments

Creve Coeur asserts that Defendants' re-removal is untimely and improper because (1) the "other paper" language of § 1446(b)(3) applies only when initial pleadings do not signal removability, which was not the case here; (2) the state court's ruling was not the first paper characterizing the VSP fee as a "fee" in that Creve Coeur argued as such in its state court brief;[2] (3) the distinction between a fee and a tax is irrelevant to the comity analysis because they both involve revenue collection as a state function; (4) the Court's first order of remand is the law of the case; and (5) even were the Court to revisit the issue, it should re-remand in the interests of comity.  Creve Coeur also seeks attorney fees and costs in connection with the present motion on the theory that Defendants had no objectively reasonable basis for re-removal.

Defendants respond that (1) Plaintiffs have asserted conflicting positions as to whether the VSP fee is a fee or a tax, so removability was not unambiguously

---

[1]     The Seventh Circuit issued its opinion before this Court ruled on Defendants' motion to stay, which will therefore be denied as moot.

[2]     ECF No. 16-3 at p. 42-43.

ascertainable until the state court decided the question; (2) the tax/fee distinction is

material because federal precedent is inconsistent as to whether comity abstention applies

to fees; (3) the Court's first remand order was erroneous and in any case is not binding in

light of the state court's ruling as new evidence; (4) other courts' abstention decisions are

erroneous and distinguishable; and (5) damages actions cannot be remanded.  Defendants

also oppose Creve Coeur's motion for attorney fees, claiming a reasonable basis for

removal insofar as the tax/fee distinction is material.

**Analysis**

Creve Coeur's timeliness arguments depend on the premise that the state court's

tax/fee ruling was immaterial, rendering Defendants' re-removal redundant.  Because this

premise necessarily implicates the merits of the comity question, the Court proceeds to

the heart of the matter.

Statutes conferring federal jurisdiction, such as CAFA, should be read with

"sensitivity to federal-state relations and wise judicial administration."  *City of Maryland

Heights v. TracFone Wireless, Inc.*, 4:12CV00755 AGF, 2013 WL 791866, at \*1 (E.D.

Mo. Mar. 4, 2013) (citing *Levin*, 560 U.S. at 423).  The comity doctrine counsels lower

federal courts to resist engagement in certain cases falling within their jurisdiction,

reflecting "a proper respect for state functions, a recognition of the fact that the entire

country is made up of a Union of separate state governments, and a continuance of the

belief that the National Government will fare best if the States and their institutions are

left free to perform their separate functions in separate ways."  *Levin*, 560 U.S. at 421.

*Levin* identifies three circumstances warranting abstention: (1) when defendants seek

federal court review of commercial matters over which the state enjoys wide regulatory latitude, and where the suit does not involve any fundamental right or classification warranting heightened scrutiny; (2) when defendants seek federal court aid in an endeavor to improve their competitive position; and (3) where state courts are better positioned to correct any violation because they are more familiar with state legislative preferences and the TIA does not constrain their remedies. *Id*. at 431-32.

In *City of Fishers*, where Defendants challenged Indiana's video service franchise fee, the Seventh Circuit opined that there was essentially no difference between a fee and a tax for purposes of a comity analysis because the fee, much like a tax, yielded revenue for municipalities, and courts interpret the term "tax" broadly for purposes of a jurisdictional inquiry.  2021 WL 3073368 at *4 (citing *DIRECTV, Inc. v. Tolson*, 513 F.3d 119, 125 (4th Cir. 2008) and *Collins Holding Corp. v. Jasper County*, 123 F.3d 797, 800 (4th Cir. 1997) (observing that the line between a tax and a fee can be blurry)).  The Circuit further reasoned that the district court's resolution of the merits would "risk or result in federal court interference with the fiscal affairs of local government – the principal concern of *Levin*."  *Id*.

Notably, the parties' briefs on the present motion and before the Seventh Circuit in *City of Fishers* overlap considerably.  Though Defendants now assert that *City of Fishers* does not address the tax/fee distinction due to concessions made in oral arguments, the Circuit expressly opined that the "comity doctrine is implicated by the cities' demand for fees in this case."  *City of Fishers*, 2021 WL 3073368, at *4.

Other federal circuits, too, have affirmed comity abstention decisions in challenges
to local fees.  In *Homewood Village LLC v. Unified Gov't of Athens-Clarke County*,
where a county ordinance imposed stormwater fees, the district court noted that,
historically, comity concerns have been raised in actions challenging the collection of
taxes *or other impositions* made by state authority, and comity abstention is appropriate
even when the TIA does not deprive the court of jurisdiction.  2016 WL 1306554 at *2
(M.D. Ga. Apr. 1, 2016) (citing *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213
U.S. 276, 281 (1909)) (emphasis added).  It further observed that "district courts should
be reluctant to interfere in the fiscal operations of state and local governments and must
be particularly sensitive to avoid such interference when the dispute involves a
constitutional challenge to a state or municipal tax *or fee* and an adequate remedy exists
in state court."  *Id*. (citing *Boise*, 213 U.S. at 282) (emphasis added).  The Eleventh
Circuit affirmed the district court's abstention, reasoning that federal interference could
materially disrupt the fiscal affairs of county government.   *Homewood Village LLC v.
Unified Gov't of Athens-Clarke County*, 677 Fed. Appx. 623, 624 (11th Cir. 2017).
Albeit an unpublished *per curiam* opinion, the Circuit's reasoning instructive and
consistent with *City of Fishers*.

In a Third Circuit challenge to taxi operator fees, *Z & R Cab, LLC v. Philadelphia
Parking Auth.*, the district court dismissed the case for lack of jurisdiction and thus did
not consider comity.  616 Fed. Appx. 527, 531 (3rd Cir. 2015).  The Circuit reversed the
jurisdictional ruling and remanded the case directing the trial court to consider instead
whether it should abstain based on comity.  The Circuit noted that *Levin* referenced not

6

only taxes but also "economic legislation" and "a state's allocation of benefits and burdens," "suggesting that this type of comity applies outside of tax cases."  *Id*. (citing *Levin*, 560 U.S. at 426-27).  "This is consistent with the Supreme Court's expressed 'respect for state functions.'"  *Id*. (citing *Levin* at 421).  The Circuit thus cautioned the district court that, on remand, "a federal court may wish to carefully weigh whether to intervene" in a case seeking monetary damages for the imposition of state fees.  *Id*. (citing *Levin* 425-32).  Notwithstanding the foregoing instruction, Defendants rely heavily on a concurring opinion confining comity to tax cases.  *Id*. at 531-38.  But the majority did not adopt that position, and this Court declines to take such a leap when *City of Fishers* is squarely on point here.

Defendants also cite *American Trucking Associations, Inc. v. Alviti*, where the First Circuit held that highway tolls were not taxes within the meaning of the TIA and thus reversed dismissal on that basis.  944 F.3d 45 (1st Cir. 2019).  Defendants rely on this case because the Circuit did not uphold the dismissal on broader comity grounds, but the opinion suggests that the court did not squarely examine the question, instead avoiding it because the defendant failed to cite authority specific to fees.  *Id*. at 57.  The Court does not find this case instructive on the issue, particularly compared to *City of Fishers*.

Additionally, Defendants cite *Brown v. Mortgage Elec. Registration Sys., Inc.*, involving mortgage fees, where the Eighth Circuit held that *Burford*[3] abstention was unnecessary because the case merely required the court to apply state law that had already been interpreted by state courts.  738 F.3d 926, 934 (8th Cir. 2013).  Here, by contrast, Missouri courts have yet to decide whether parties such as Defendants must comply with the state statute in question.  Further, the Circuit in *Brown* expressly declined to examine *Levin* comity because the issue was not properly preserved.  *Id*. at 934 n.8.

Finally, Defendants' contention that actions for damages cannot be remanded on comity abstention grounds is unavailing.  The Eighth Circuit denied review of this Court's first remand order,[4] and other appellate circuits have recognized the propriety of comity abstention where damages are sought.  *See e.g., City of Fishers*, 2021 WL 3073368 at *6 (reasoning that the state court is well positioned to address remedial questions arising from both the cities' state law claims and defendants' state and federal defenses); *Johnson v. Orr*, 551 F.3d 564, 571 (7th Cir. 2008) (observing that, while the TIA applies only to injunctive relief, suits for damages are "barred by the free-standing principle of comity"); *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1124 (9th Cir.

---

[3]     Referring to *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), prescribing abstention when a state has established a complex regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and the application of complicated state laws.

[4]     *City of Creve Coeur, Missouri v. DirecTV LLC*, 19-8016, 2019 WL 7945996, at *1 (8th Cir. Sept. 12, 2019) (denying Defendants' petition for permission to appeal).

2016) ("The comity doctrine extends to claims seeking damages based on the same federalism concerns animating the [TIA's] limits on declaratory and injunctive relief."). The Court has no reason to doubt the state court's ability to provide an adequate remedy here.

In sum, the Court is not persuaded that the authorities cited by Defendants discourage deference to the state court in favor of federal jurisdiction in this case. Although Defendants submit that this Court's previous remand order was wrongly decided, the Eighth Circuit let it stand, and *City of Fishers* and other appellate precedent instruct that the tax/fee distinction does not decide the propriety of restraint.  Defendants seek federal court review of a commercial matter over which the state of Missouri enjoys wide regulatory latitude.  Missouri courts are more familiar with the intent of the General Assembly and in a better position to interpret the VSP Act as a matter of first impression and to grant appropriate relief if warranted.  Mindful of broad and longstanding principles of comity urging abstention in such circumstances, the Court concludes that remand to the state court is appropriate here.

**Attorney Fees**

Lastly, Creve Coeur seeks attorney fees and costs related to the present motion, arguing that Defendants' second attempt at removal was frivolous.  Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  *Poole v. Ikea U.S. W., Inc.*, 4:18CV00446 AGF, 2018 WL 2193650, at *3 (E.D. Mo. May 14, 2018) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The Court does not

find such sanctions warranted here insofar as the question whether *Levin* comity applies to fees as opposed to taxes has not been addressed by the Eighth Circuit.

**CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **GRANTED.** ECF No. 15.  The case shall be remanded to the Circuit Court of St. Louis County, Missouri.  The Court will not entertain a motion for attorney fees.

**IT IS FURTHER ORDERED** that Defendants' motion to stay is **DENIED** as moot.  ECF No. 31.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of August 2021.